IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-02497-PAB

OSCAR RIVERA GUERRA,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Immigration and Customs Enforcement Processing Center,
GEORGE VALDEZ, Aurora Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement,
DAVID VENTURELLA, Acting Director U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
U.S. DEPARTMENT OF HOMELAND SECURITY,
TODD BLANCHE, Acting U.S. Attorney General, and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Oscar Rivera Guerra's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 12.

## I.  BACKGROUND[1]

Petitioner is a native and citizen of Honduras who entered the United States without inspection or parole in or around 2006. Docket No. 1 at 2, ¶ 7. On May 14, 2026, petitioner was detained while working in Florida. *Id.*, ¶¶ 8-9. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*,

---

[1] The following facts are undisputed unless otherwise noted.

¶ 10.  On June 5, 2026, petitioner filed a Petition for Writ of Habeas Corpus, bringing claims alleging violations of the Immigration and Nationality Act, §§ 1225 and 1226 (Claim I) and petitioner's due process rights under the Fifth Amendment of the United States Constitution (Claim II).  *Id.* at 5-10.  Among other forms of relief, petitioner seeks his immediate release.  *See id.* at 10-11.

## II.    ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 5-8; Docket No. 12 at 2-5.  Petitioner contends that mandatory detention under § 1225 does not apply to noncitizens, like petitioner, who are detained in the United States after already residing in the country.  *See* Docket No. 1 at 6-7, ¶¶ 30-32.  Rather, petitioner contends that his detention is controlled by § 1226 and he is entitled to a bond hearing.  *See id.*  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted.  Docket No.  12 at 2-5.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See, e.g.*, *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Gabriel-Morales v. Bondi*, No. 26-cv-00392-PAB, 2026 WL 415597, at *2 (D.

Colo. Feb. 13, 2026).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 12.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana v. Noem,* No. 25-cv-03976-PAB, 2025 WL 3706417 (D. Colo. Dec. 22, 2025).  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on Claim I[2] and will order respondents to provide petitioner with a bond hearing within seven days of the date of this order.[3]

## III.    CONCLUSION

Therefore, it is

**ORDERED** that petitioner Oscar Rivera Guerra's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

---

[2] Because the Court will grant the habeas petition on the basis of Claim I, it will not reach petitioner's remaining claim and requests for relief at this stage.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025).  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 11.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

[3] The Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, *see* Docket No. 1 at 10-11, is the proper remedy.  *See Loa Caballero*, 2025 WL 2977650, at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").

**ORDERED** within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED June 18, 2026.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[4] "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing."  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").